IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAREBOURN CAPITAL, L.P., and MORE CAPITAL, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DARKPULSE, INC., DENNIS O'LEARY, THOMAS SEIFERT, CARL ECKEL, ANTHONY BROWN, and FAISAL FAROOQUI,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' [62] MOTION FOR SANCTIONS**<br><br>Case No. 2:22-cv-00346-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 53). Before the court is Defendants DarkPulse, Inc. (Dark Pulse), Dennis O'Leary, Thomas Seifert, Carl Eckel, Anthony Brown, and Faisal Farooqui's (collectively, DarkPulse Defendants) Motion for Sanctions (Motion) (ECF 62). The court also considers Plaintiffs Carebourn Capital (Carebourn) and More Capital's (More) (collectively, Plaintiffs) Responses to the Motion (ECF 64, 65)[1] along with DarkPulse Defendants' Reply (ECF 70), and oral argument presented by both parties at a hearing on July 2, 2024 (ECF 75). Having considered the relevant filings, and for the reasons herein, the court hereby GRANTS IN PART and DENIES IN PART the Motion.

I. BACKGROUND

As of December 4, 2023, every named defendant in this case has been dismissed (*see* ECF 71, 72). Following an adverse ruling against Carebourn in a separate action that will be later

---

[1] DarkPulse Defendants request sanctions against Plaintiffs' attorneys, both local counsel (ECF 65) and pro hac vice counsel (ECF 64). Each attorney filed a response to the Motion. Local counsel's response came later, and she did not cite to any rule or case that would allow for this second filing. Regardless, the court considers it.

1

explained, Plaintiffs filed several motions attempting to voluntarily dismiss their Complaint in this action (*see* ECF 64 at 4 ("On September 27, 2023, the judge in [the Security Exchange Commission (SEC) Enforcement Action in Minnesota Federal Court] . . . granted the SEC's motion for summary judgment on the issue of whether Carebourn was required to register as a broker-dealer."); *see also* ECF 58, 60, 61). The first dismissal attempt by Plaintiffs was filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) on October 30, 2023 (ECF 58) and was unsuccessful as multiple defendants they sought to dismiss had already filed a motion to dismiss (*see* ECF 59).

The second motion to dismiss, filed on November 1, 2023 (ECF 60), was pursuant to Rule 41(a)(1) and (2). That same day, Plaintiffs also filed a stipulated dismissal with Defendants Standard Registrar and Transfer (Standard) and Amy Merrill (Merrill) (collectively, Standard Defendants) pursuant to Rule 41(a)(1)(A)(ii) (ECF 61). On December 4, 2023, the court notified the parties the stipulated dismissal of the Standard Defendants was self-effectuating and noted per the terms of the stipulated dismissal, no fees, costs, or expenses would be award to any party (ECF 71). As to DarkPulse Defendants, the court granted the motion after explaining it could still retain jurisdiction over the present Motion despite the action being dismissed and thus ordered the action dismissed with prejudice against DarkPulse Defendants (ECF 72).[2]

The parties have a long history with one another. In 2018, Plaintiffs collectively loaned DarkPulse over $600,000 in exchange for repayment by way of common stock or cash (ECF 2 at 6 ¶ 4); ECF 62 at 11; ECF 64 at 2). Specifically, on July 17, 2008 and July 24, 2008, DarkPulse borrowed a combined amount of $465,750 from Carebourn, and on August 20, 2018, DarkPulse

---

[2] Additionally, the court notes that this is not DarkPulse Defendants' first motion for sanctions in this action (*see* ECF 35). The first was filed on November 23, 2022, however, after finding that the ruling in the Enforcement Action brought by the SEC on September 24, 2021 against Carebourn would be relevant to the present action, the court stayed this action on February 10, 2023, pending the resolution of the SEC Enforcement Action (*see* ECF 50 at 5, 8). The court denied without prejudice the first motion (*id.*).

2

borrowed $152,000 from More (*id.*). As part of the loan, Plaintiffs also required Standard to execute irrevocable transfer agent instructions that obligated it to hold shares in reserve for Plaintiffs (ECF 62 at 11). DarkPulse was also obligated to indemnify Standard arising out of this obligation (*id.*). The loans were never repaid (ECF 64 at 2). The loan agreements between DarkPulse and Carebourn and More also contain mandatory forum selection clauses in the state or federal courts of Minnesota (ECF 62 at 19).

Prior to the filing of this action, other events relevant to this Motion have occurred. On December 3, 2020, the SEC started an investigative action against Plaintiffs alleging that Plaintiffs had been "acting as unregistered securities dealers" in violation of federal securities exchange law (ECF 62 at 12). Following the investigative action, Plaintiffs filed two actions in Minnesota State Court (the Minnesota State Actions). The first was filed on January 29, 2021, by Carebourn against DarkPulse for failing to repay promissory notes in full with common stock (*id.*). Standard was later added as a defendant (*id.*). The second state action was filed by More on June 29, 2021, against DarkPulse and Standard (*id.*).[3] The Minnesota State Actions were later consolidated, and Standard was dismissed as a party on December 6, 2021 for lack of personal jurisdiction (ECF 50 at 4–5). Standard is a Utah corporation (ECF 62 at 10).

On April 21, 2023, summary judgment was granted to DarkPulse in the Minnesota State Actions with the court finding Carebourn's business model consisted of profiting from the buying and selling of securities (ECF 62 at 16–17). The agreements between these parties were therefore found null, void, and unenforceable (*id.*; *see also Carebourn Capital, L.P. v. DarkPulse*, Inc., 2023

---

[3] The court finds that publicly filed records like the Minnesota State Actions and the SEC Enforcement Action directly relate to the case at hand and therefore considers such information. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

Minn. Dist. LEXIS 1732, *24 (D. Minn. Apr. 21, 2023) ("DarkPulse's motion for summary judgment seeking a declaratory judgment that the Agreements are void is GRANTED."). The Hutton Firm and Lee Hutton (Mr. Hutton) represented Plaintiffs in the Minnesota State Actions (ECF 62 at 13; ECF 63-1, 63-3).

The SEC also filed an enforcement action against Carebourn in the United States District court for the District of Minnesota on September 24, 2021 (Enforcement Action) alleging Carebourn acted as an unregistered securities dealer (ECF 62 at 13). On September 27, 2023, summary judgment was granted to the SEC in the Enforcement Action, with the court finding Carebourn was acting as an unregistered securities dealer (ECF 62 at 10, 13, 16–17). *See United States Sec. & Exch. Comm'n v. Carebourn Cap., L.P.*, No. 21-CV-2114 (KMM/JFD), 2023 WL 6296032, at *19 (D. Minn. Sept. 27, 2023) ("Plaintiff is entitled to summary judgment as to the claim in Count 1 of its Complaint that Defendants Carebourn Capital, L.P. and Chip Rice were acting as unregistered dealers and not associated with an entity registered with the SEC as a dealer, and therefore violated Section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C § 78o(a)(1).")). The Hutton Firm and Mr. Hutton represented Plaintiffs in the Enforcement Action.

The Complaint in this action was filed on May 20, 2022 (ECF 2). In conjunction with local counsel Sara Pfrommer (Ms. Pfrommer), the Hutton Firm through Mr. Hutton represent Plaintiffs (*id.*). Plaintiffs' claims center around the loans at issue between the parties and specifically, a civil RICO claim under 18 U.S.C. § 1962 against all named defendants, along with eleven separate state law claims (ECF 50 at 5). Six of the state claims were pled against all named defendants and were as follows: declaratory judgment (count II); attorneys' fees (count IV); civil conspiracy (count V); fraudulent concealment (count VII); conversion (count X incorrectly numbered IX in the Complaint); and permanent injunction (count XII incorrectly numbered XI in the Complaint).

4

Against Defendant Standard only, Plaintiffs brought four state claims: breach of contract (count III); violation of Utah Code Ann. § 76-10-1605 (count VI); violation of Utah Code Ann. § 70A-8-401 (count VIII); and breach of fiduciary duty against Standard and Merrill (count XI (incorrectly numbered as X in the Complaint). A tortious interference claim is also alleged only against DarkPulse Defendants (count IX but incorrectly numbered count VIII). Eight of the claims were therefore pled against DarkPulse Defendants (*see* ECF 2 at 16–29), eleven claims against Standard, and a single claim against Merrill.

DarkPulse Defendants now seek sanctions against Plaintiffs for having to defend this action which they argue "was never commenced in good faith" (*id.* at 10). Defendants seek sanctions under Rule 11, 28 U.S.C. § 1927, and the court's inherent authority (*id.* at 18, 22, 24). Specifically, DarkPulse Defendants move for sanctions under the Rule 11 against Plaintiffs and their attorneys arguing the following conduct was not objectively reasonable: (1) filing this action with no regard for the relevant controlling forum selection clause; and (2) commencing duplicative litigation with this action (ECF 62 at 19–22). DarkPulse Defendants also move for sanctions under 28 U.S.C. § 1927 for the same reasons as under Rule 11, but also argue that sanctions are warranted for filing this action because the claims against DarkPulse Defendants could have been brought in the Minnesota State Actions (*id.* at 23). More generally, and pursuant to the court's own inherent authority, DarkPulse Defendants argue the court should issue sanctions against Plaintiffs because commencing this action resulted in a "waste of judicial resources by Plaintiffs," their attorneys, and others (*id.* at 24). DarkPulse Defendants request all incurred legal fees for defending the action and any other sanctions the court deems proper (*id.* at 10).

Plaintiffs argue their conduct in this action is not sanctionable because the jurisdictional dismissal of Standard in the Minnesota State Actions made filing the lawsuit necessary "to

5

preserve its rights" to a conspiracy claim against Standard, Carebourn, and More (ECF 64 at 2–3). Plaintiffs argue the complexity in the underlying action and wanting to preserve a civil conspiracy claim is why they filed suit here (*id.* at 5). Plaintiffs also argue DarkPulse Defendants were necessary defendants under Rule 19(2),[4] the claims in the Complaint were not frivolous, and the action was brought in good faith (*id.* at 2, 6, 13). Additionally, Plaintiffs argue good faith after promptly moving for dismissal upon the ruling in the SEC Enforcement Action (*id*. at 4).

## II. LEGAL STANDARDS

Under Rule 11(b), a party presenting a pleading, written motion, or other paper to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the following:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3); *see Nikols v. Chesnoff*, No. 2:10-CV-4 TS, 2011 WL 5508834, at *2 (D. Utah Nov. 9, 2011) ("Rule 11 mandates sanctions against attorneys and/or their clients when pleadings, motions, or other signed papers in the district court are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose."). The Tenth Circuit has "adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions. A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable,

---

[4] Plaintiffs' brief cites to Fed. R. Civ. P. 19(2), but then proceeds to state the contents of Rule 19(a)(1)(B) (*see* ECF 64 at 3). For purposes of this Motion, the court treats Plaintiff's cite to Rule 19 as a cite to Rule 19(a)(1)(B).

6

competent attorney would believe under the circumstances." *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990) (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)).

Additionally, 28 U.S.C. § 1927 also provides for the court to sanction counsel where counsel multiplied "the proceedings in any case unreasonably and vexatiously." *Biers v. Dentons US LLP*, No. 222CV00298HCNJCB, 2024 WL 1330009, at *2 (D. Utah Mar. 28, 2024). More specifically, "sanctions may be imposed against counsel who, among other things: (1) 'intentionally act without a plausible basis'; (2) engage in 'conduct that, viewed objectively, manifests either intentional or reckless disregard of [counsel]'s duties to the court'; (3) act recklessly or with indifference to the law'; (4) engage in conduct that is 'bent on misleading the court'; and (5) 'act[ ] in the teeth of what [counsel] know[ ] to be the law.'" *Id.* (quoting *Braley v. Campbell*, 832 F.2d 1504, 1511–13 (10th Cir. 1987)).

Federal courts also have "the inherent power to sanction a party if it acts in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' including 'willful[ ] abuse [of the] judicial processes.'" *Lundahl v. Halabi*, 600 F. App'x 596, 607 (10th Cir. 2014) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). The court may consider its "inconvenience and the waste of judicial resources" when deciding to impose sanctions using its inherent powers. *Mellott v. MSN Comms., Inc.*, 492 F. App'x 887, 889–90 (10th Cir. 2012).

### III. DISCUSSION

#### a. Sanctions are Warranted under Rule 11.

The court finds sanctions under Rule 11 are warranted and GRANTS IN PART DarkPulse Defendants' Motion for the reasons set forth herein.[5] Plaintiffs' conduct was not objectively

---

[5] For this reason, the court does not address the requests for sanctions under 28 U.S.C. § 1927 or the court's inherent authority.

reasonable in filing an action against DarkPulse given the forum selection clauses and in asserting claims here that were duplicates of claims in the previously filed Minnesota State Actions. The Complaint in this matter is therefore not objectively reasonable or warranted by existing law.

There is no dispute that there are valid forum selection clauses between Plaintiffs and DarkPulse that require any action between them to be brought in Minnesota state or federal court (ECF 62 at 19). *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) ("[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory."). Sanctions are warranted for violating such a provision. *See, e.g.*, *Jayhawk Invs., L.P. v. Jet USA Airlines, Inc.*, No. 98-2153-JWL, 1999 WL 588195, at *1 (D. Kan. June 8, 1999) ("The court concludes that because the parties' contract clearly stated that any actions arising from the parties' relationship were to be brought in New York, and in light of defendants' repeated warnings and reminders of the existence of that clause and defendants' intention to enforce the clause according to its terms, the court concludes that plaintiffs' filing of the action in this court constitutes a violation of Fed. R. Civ. P. 11. Defendants are, therefore, entitled to attorney's fees as an appropriate sanction.").

There is also no dispute that DarkPulse Defendants sent two letters to Plaintiffs regarding DarkPulse's anticipated sanctions request based in part on the forum selection clauses on May 27, 2022 (ECF 63-9) and September 26, 2022 (ECF 63-10), before sending a draft of the initial sanctions motion on October 31, 2022 (ECF 62 at 16). Plaintiffs did not respond to the letters, and the initial motion for sanctions was filed nearly a month later on November 23, 2022 (ECF 35). While Plaintiffs argue they took mitigating measures upon entry of the September 27, 2023 decision in the SEC Enforcement Action, Plaintiffs first motion for dismissal was not filed until

nearly a month later on October 30, 2023, well over a year after the May 27, 2022 notice letter was sent (ECF 58), and nearly a year after the draft of the initial motion for sanctions (ECF 35).

Plaintiffs also argue that Standard was dismissed from the Minnesota State Actions for lack of jurisdiction and that they filed this action to preserve their "rights against Standard" (ECF 64 at 2). The court notes that position is not evident in the Complaint—there is no mention of Standard being dismissed in the Minnesota State Actions or that this action was brought to preserve rights, or even of Rule 19 (ECF 2).[6] While there is discussion of the agreements at issue between the parties (which are attachments to the Complaint), there is also no mention of a forum selection clause (*id*.). Rather, this argument is not asserted until 2023, specifically, in Plaintiff's opposition to the initial sanctions motion (ECF 44), and their opposition to the DarkPulse Defendants' initial motion to dismiss (ECF 45). This argument is not first raised until well over six months after this action was initiated.

Moreover, in the briefing, and at the hearing, counsel for Plaintiffs argued bringing in DarkPulse Defendants to this action was necessary in order to preserve their conspiracy claims against Standard because a conspiracy requires an agreement between more than one person.[7] Plaintiffs also cited to Rule 19(a)(1)(B) as grounds for bringing in DarkPulse Defendants.[8] This position, however, does not account for the other seven claims filed against DarkPulse Defendants.

---

[6] Paragraph 19 of the Complaint does mention that certain claims were brought "because joinder is required," but there is no citation to Rule 19 or reference to parties, but rather state law claims (ECF 2 ¶ 19).

[7] *See GeometWatch Corporation v. Hall*, Case No. 1:14-cv-00060-JNP-PMW, 2017 WL 1136946, *17 (D. Utah Mar. 27, 2017) (A civil conspiracy claim under Utah law, among other elements, requires "a combination of two or more persons." (quoting *Pohl, Inc. v. Webelhuth*, 201 P.3d 944, 954–55 (Utah 2008))).

[8] Federal Rule of Civil Procedure 19(a)(1)(B) requires a person to be joined as a party to an action when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

In addition, Plaintiffs brought claims nearly identical in substance in the present Complaint as they did in the Minnesota State Actions (*see* ECF 63-1–3). As evidenced by the complaint from the Minnesota State Action between Carebourn and DarkPulse attached to the Motion (ECF 63-1), the claims for declaratory judgment, breach of the agreements, and attorney fees relating to the loans have been previously raised (*id.* 7–9). The same proves true of the complaint in the Minnesota State Action between More and DarkPulse and Standard (ECF 63-3), as the claims for declaratory judgment, breach of contract, unjust enrichment, quantum meruit, civil conspiracy, and attorneys fees had been previously pled against DarkPulse (*id.* at 8–12). Even if Plaintiffs' claims for RICO, fraudulent concealment, conversion, permanent injunction, and tortious interference were raised for the first time in this action, a reading of the collective complaints in the Minnesota State Actions (ECF 63-1–3), demonstrate that these claims relate to the alleged failure to repay the loans provided by Plaintiffs. Plaintiffs make no argument as to why these claims could not and should not have been first brought in the Minnesota State Actions.

The court also does not find Plaintiffs' use of Rule 19(a)(1)(B) to be supported by existing law. While Plaintiffs were adamant that they believed Rule 19 required all the parties to be named, they only offer citation to Rule 19 itself. The court itself delved into answering whether more than one party was necessary to bring a conspiracy claim against a defendant in the District of Utah. The court was unable to find such a case. The court did, however, find an unreported Tenth Circuit decision that recognized that under Colorado State Common Law, "[a] plaintiff may maintain a civil conspiracy claim, if sufficiently pled, against one party to the agreement." *Brody v. Bruner as trustee of Bruner Fam. Tr.*, No. 23-1102, 2024 WL 1912555, at *2 n.4 (10th Cir. May 1, 2024) (citing *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 420 P.3d 223, 228–29, 232–33 (Colo. 2018)). The court recognizes this decision was not entered until after the May 20, 2022

10

Complaint was filed. Regardless, the conspiracy claim is a state claim, and Utah law has some support that a single party can be named in a civil conspiracy claim. *See, e.g.*, *Fid. Nat. Title Ins. Co. v. Worthington*, 2015 UT App 19, ¶¶ 1, 15–19, 344 P.3d 156 (considering but dismissing for failure to plead with specificity a civil conspiracy claim against a single defendant). Notwithstanding, other than citing to Rule 19, Plaintiffs offer no legal or factual basis for why this suit must have been filed against all the Defendants, and not only Standard. They also do not explain how or why they arrived at this decision, other than citing to the rule itself. A general explanation of good faith is not enough to avoid Rule 11 sanctions. *See White*, 908 F.2d at 680.

The court therefore GRANTS IN PART DarkPulse Defendants' Motion for Sanctions under Rule 11 against the Plaintiffs and only their pro hac vice counsel, Mr. Hutton of the Hutton Firm. Mr. Hutton has represented the Plaintiffs in this action, in the Minnesota State Actions as well as the Enforcement Action. While both Mr. Hutton and local counsel, Ms. Pfrommer, signed the Complaint in the present action, she explains she "was asked to act as local counsel for the purpose of sponsoring the pro ha[c] vice applications of Minnesota counsel" (ECF 65 at 3). Mr. Hutton and the Hutton Firm were familiar with all the litigation between the parties. While the two sanction notice letters as well as the draft initial sanctions motion went to both Ms. Pfrommer and Mr. Hutton (ECF 62 at 16) and therefore both attorneys had notice of the reasons and request for sanctions, it appears Mr. Hutton was leading this litigation and did not take immediate corrective action. *See Fazzio v. Weber County*, No. 1:17-CV-132, 2019 WL 3416289, *3 (D. Utah July 29, 2019) ("An attorney is under obligation to 'stop, look, and listen before signing a document subject to Rule 11.'" (quoting *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988))).

The court also does not find it appropriate to grant the request for full fees and costs for this action given the attempts of Plaintiffs (albeit not as timely as they could have been) to dismiss

this matter. *See, e.g.*, *White*, 908 F.3d at 685 (explaining court must consider appropriate sanction including that the "appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff"); *see also Fazzio*, 2019 WL 3416289 at *7 ("When a monetary fine is imposed, that fine should be limited to 'that amount reasonably necessary to deter the wrongdoer.'") (quoting *White*, 908 F.3d at 685). As Plaintiffs argue, they moved to dismiss the action soon after the court in the SEC Enforcement Action resulted in a negative result for them, and the expenses here have been reduced as the action has been stayed for a long time (ECF 64 at 7). The court therefore ORDERS DarkPulse Defendants to file an affidavit evidencing their fees and costs for bringing only their initial Motion to Dismiss (ECF 33), this Motion, and any corresponding work on these two motions for the court to consider for reasonableness.

## IV.   CONCLUSION & ORDER

For the reasons stated herein, the court hereby GRANTS IN PART the Motion (ECF 62). The court DENIES the request for full costs and fees associated with defending this action, but GRANTS attorney's fees and costs of DarkPulse Defendants for filing their Motion to Dismiss (ECF 33) and for filing this Motion against Plaintiffs and Mr. Hutton. DarkPulse Defendants are ORDERED to file the necessary declaration and exhibits evidencing the amount in question within fourteen (14) days of this Order. Plaintiffs may file a response to the stated amount also within fourteen (14) days of the filing. The court will then determine the appropriate sanctioned amount.

IT IS SO ORDERED.

DATED this 10 September 2024.

*[signature: Cecilia M. Romero]*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah