THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CAREBOURN CAPITAL, L.P., and MORE CAPITAL, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DARKPULSE, INC., DENNIS O'LEARY, THOMAS SEIFERT, CARL ECKEL, ANTHONY BROWN, and FAISAL FAROOQUI,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [86] DEFENDANTS' MOTION FOR JUDGMENT AND DENYING [90] DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Case No. 2:22-cv-00346-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Defendant DarkPulse, Inc. ("DarkPulse"), Dennis O'Leary, Thomas Seifert, Carl Eckel, Anthony Brown, and Faisal Farooqui's (collectively, "DarkPulse Defendants") Motion for Entry of Judgment[1] and Motion for Sanctions.[2] Because the Motion for Sanctions is based on Plaintiffs Carebourn Capital (Carebourn) and More Capital's (More) Opposition to the Motion for Judgment,[3] the court considers both motions together.

## BACKGROUND

This case began in 2022 when Plaintiffs filed their Complaint against DarkPulse Defendants and Defendants Amy Merrill and Standard Registrar and Transfer Co., Inc.

---

[1] Darkpulse Defendants' Motion for Entry of Judgment on Dismissal and Attorney's Fees ("Mot. for Judgment"), ECF No. 86, filed July 25, 2025.

[2] Darkpulse Defendants' Motion for Sanctions ("Mot. for Sanctions"), ECF No. 90, filed Aug. 22, 2025.

[3] *See* Mot. for Sanctions 4–5; Memorandum in Opposition to Entry of Judgment ("Opp'n to Judgment"), ECF No. 87, filed Aug. 8, 2025.

("Standard Defendants").[4] The Complaint alleged that Plaintiffs had loaned DarkPulse money on "convertible notes" that included the option to convert to DarkPulse stock.[5] Plaintiffs claimed that Defendants behaved fraudulently and ultimately breached their contractual obligations under the notes.[6] Each of the loan agreements between DarkPulse and Carebourn and More contained a mandatory forum selection clause requiring any legal action to be brought in Minnesota state or federal court.[7]

Prior to the current case, the parties already had a legal history related to these issues. In late 2020, the SEC began investigating Plaintiffs for suspected violations of federal securities laws.[8] In early 2021, Carebourn and More each filed separate actions in Minnesota state court against the DarkPulse and Standard defendants based on the same transactions that form the basis for the current suit.[9] The Minnesota actions were subsequently consolidated, and Standard—a Utah corporation[10]—was dismissed for lack of personal jurisdiction.[11] Then, on September 24, 2021, the SEC brought an enforcement action against Carebourn in the United States District Court for the District of Minnesota.[12] The SEC alleged that Carebourn had been acting as an unregistered securities dealer and sought injunctive relief, disgorgement, and civil penalties.[13] Recognizing that the SEC action was related to the instant case, this court entered an

---

[4] Compl., ECF No. 2, filed May 20, 2022.
[5] *See id.*
[6] *Id.*
[7] Cross-Motion for Sanctions Against Plaintiffs ("First Sanctions Motion") 19, ECF No. 62, filed Nov. 2, 2023.
[8] *Id*. at 12.
[9] *Id*.
[10] *Id*. at 10.
[11] Order Granting Stay ("Stay") 4–5, ECF No. 50, entered Feb. 10, 2023.
[12] Compl. ("SEC Compl."), *S.E.C. v. Carebourn Cap., L.P.,* No. 21-cv-2114, 2021 WL 4354249 (D. Minn. filed Sept. 24, 2021).
[13] *See id.*

order on February 10, 2023 staying the case in the United States District Court for the District of

Utah pending the resolution of the SEC enforcement action.[14]

The Minnesota actions continued. On April 21, 2023, DarkPulse was granted summary

judgment in the Minnesota state action, and the parties' agreements were found to be

unenforceable.[15] On September 27, 2023, summary judgment was granted against Carebourn in

the SEC enforcement action, where the court found that Carebourn had acted as an unregistered

securities dealer.[16] Then, on November 1, 2023, Plaintiffs and Standard Defendants filed a

stipulated motion to dismiss in this action, dismissing all claims against the Standard Defendants

with prejudice.[17] Shortly thereafter, on December 4, 2023, this court also granted Plaintiffs'

motion to dismiss the remaining DarkPulse defendants with prejudice.[18] A final judgment was

not entered because DarkPulse's first motion for sanctions was still pending.[19]

Almost a year after Plaintiffs' claims were voluntarily dismissed with prejudice as to all

defendants, the court granted in part DarkPulse's first motion for sanctions on September 10,

2024.[20] The court found that sanctions were warranted under Rule 11 because it was not

objectively reasonable for Plaintiffs to have filed their claims against Darkpulse in the United

States District Court for the District of Utah given the binding forum selection clauses and the

duplicative claims already filed in Minnesota.[21] After additional briefing, the court ultimately

---

[14] Stay 9–10.
[15] *Carebourn Capital, L.P. v. DarkPulse, Inc.*, 2023 Minn. Dist. LEXIS 1732, *24 (D. Minn. Apr. 21, 2023).
[16] *United States Sec. & Exch. Comm'n v. Carebourn Cap., L.P.*, No. 21-CV-2114 (KMM/JFD), 2023 WL 6296032, at *19 (D. Minn. Sept. 27, 2023).
[17] Stipulated Motion to Dismiss Standard ("Standard Dismissal"), ECF No. 61, filed Nov 1, 2023.
[18] Order Dismissing DarkPulse Defendants ("DarkPulse Dismissal"), ECF No. 72, entered Dec. 4, 2023.
[19] DarkPulse Dismissal 2; *see* First Sanctions Motion.
[20] See Order Granting in Part Defendants' Motion for Sanctions ("First Sanctions Order"), ECF No. 76, entered Sep. 10, 2024.
[21] *Id.* at 7–8.

awarded DarkPulse $70,840 in attorney's fees on July 15, 2025.[22] Ten days later, on July 25, 2025, the DarkPulse defendants filed their Motion for Judgment.[23]

## STANDARD

Under Rule 58(a) of the Federal Rules of Civil Procedure, "[e]very judgment and amended judgment must be set out in a separate document" excluding certain exceptions.[24] The court "must promptly approve the form of the judgment, which the clerk must promptly enter, when . . . the court grants other relief" than a general jury verdict, "only costs or a sum certain," or a denial of all relief.[25]

## DISCUSSION

### I.    Judgment

The DarkPulse Defendants moved for an entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure on the grounds that there is "no reason to delay entry of a final judgment in this case."[26] Rule 54(b) applies "[w]hen an action presents more than one claim for relief" or "multiple parties" and allows the court to enter "a final judgment as to one or more, but fewer than all, claims or parties" only if "there is no just reason for delay."[27] This standard balances the need to "prevent[] piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."[28]

---

[22] Order Granting Attorney's Fees, ECF. No 85, entered July 15, 2025.
[23] *See* Mot. for Judgment.
[24] Fed. R. Civ. P. 58(a).
[25] Fed. R. Civ. P. 58(b)(2)(B).
[26] Mot. for Judgment 5.
[27] Fed. R. Civ. P. 54(b).
[28] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988).

4

However, there are no motions or claims remaining in this case except those relating to DarkPulse's request for final judgment.[29] The court's entry of judgment will resolve the entire case, so the court need not weigh any concerns about piecemeal appeals that might arise if the judgment disposed of fewer than all claims or parties.[30] Therefore, the court determines that judgment in this case more correctly falls under Rule 58(b)(2)(B).[31] Accordingly, the court will "promptly approve" a separate judgment document and instruct the clerk to enter it.[32]

The court also notes that, even applying the Rule 54(b) standard, there appears to be no just reason for delay in entering judgment. Plaintiffs oppose the motion for entry of judgment on the grounds that they "are preparing and intend to soon file a motion for reconsideration under rule 54."[33] "A motion for reconsideration is an extreme remedy to be granted in rare circumstances," typically only when "there has been an intervening change in the law, new evidence," or to correct "clear error" and prevent "manifest injustice."[34] Such circumstances do not exist here. Plaintiffs argue that there has been a change in relevant law and facts because the SEC's enforcement order against Carebourn was recently vacated by the Eighth Circuit.[35] But this has no bearing on any decision the court has made in this case. Plaintiffs voluntarily dismissed Defendants with prejudice, so there is no judicial reasoning for the court to reconsider.[36] Furthermore, the sanctions and attorney's fees were entered against Plaintiffs for

---

[29] *See* Docket; Mot. for Judgment 5.
[30] *See* Fed. R. Civ. P. 54(b).
[31] See Fed. R. Civ. P. 58(b)(2)(B).
[32] *Id.*
[33] Opp'n to Judgment 2.
[34] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).
[35] Opp'n to Judgment 3; *United States Sec. & Exch. Comm'n v. Carebourn Cap., LP*, No. 24-3280, 2025 WL 1742195, at *1 (8th Cir. June 20, 2025).
[36] *See* Standard Dismissal; DarkPulse Dismissal.

filing duplicative actions and violating binding forum selection clauses,[37] neither of which are affected by the substantive merits of Carebourn's defense in the SEC enforcement action. All issues in this case have been decided, and no reasonable grounds exist for delay or reconsideration. All that remains is an entry of judgment.

## II.    Sanctions

The DarkPulse defendants have also moved for additional sanctions against Plaintiffs based on Plaintiffs' opposition to an entry of judgment.[38] If an attorney "multiplies the proceedings in any case unreasonably and vexatiously," that person may be ordered to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[39] DarkPulse Defendants contend that Plaintiffs' counsel unreasonably multiplied this litigation by pursuing meritless arguments and failing to conduct sufficient research and present good-faith arguments.[40] Plaintiffs respond that their cited legal developments are pertinent to this case[41] and that sanctions here would have a chilling effect on advocacy.[42]

The court agrees that additional sanctions are unwarranted. Sanctions under 28 U.S.C. § 1927 are intended to "deter frivolous and abusive litigation and promote justice and judicial efficiency."[43] To that end, this section focuses on conduct "that imposes unreasonable and unwarranted burdens on the court and opposing parties."[44] In this case, the court does not find

---

[37] First Sanctions Order 8, 10–11.
[38] Mot. for Sanctions 2.
[39] 28 U.S.C.A. § 1927.
[40] Mot. for Sanctions 4.
[41] Plaintiffs' Opposition to Defendants' Second Motion for Sanctions ("Opp'n to Sanctions") 5, ECF No. 93, filed Sep. 5, 2025.
[42] *Id.* at 6–7.
[43] *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987).
[44] *Id.*

that Plaintiffs' four-page memorandum asking the court to postpone judgment while they prepared a motion for reconsideration imposed an unreasonable burden on the court or opposing parties.[45] The request was simple, and the court easily determined that additional delay was unwarranted. Furthermore, the DarkPulse defendants concede that Plaintiffs made at least one colorable argument objecting to the form of the proposed judgment.[46] This indicates that Plaintiffs' Opposition was not wholly frivolous or meritless. All defendants in this case have been dismissed with prejudice for over a year and a half.[47] The final award of attorney's fees was decided over two months ago.[48] At this point, justice and judicial efficiency will be best promoted by an entry of final judgment.

Finally, as mentioned above, Plaintiffs object to the form of Defendants' proposed judgment,[49] which would require Plaintiffs to pay the attorney's fees sanctions within fourteen days of the entry of judgment.[50] Plaintiffs argue that the Federal Rules of Civil Procedure state that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."[51] The court sees no reason to deviate from the timeline contemplated by the rules in this case.

## ORDER

Accordingly, DarkPulse Defendants' [86] Motion for Entry of Judgment is GRANTED, and Darkpulse Defendants' [90] Motion for Sanctions is DENIED.

---

[45] *See* Opp'n to Judgment.
[46] Reply to DarkPulse Defendants' Motion for Entry of Judgment ("Reply to Judgment") 7, ECF No. 88, filed Aug. 22, 2025.
[47] *See* DarkPulse Dismissal.
[48] *See* Order Granting Attorney's Fees.
[49] Opp'n to Judgment 3–4.
[50] Proposed Judgment, ECF No. 86–1, filed July 25, 2025.
[51] Fed. R. Civ. P. 62(a).

Signed September 30, 2025.

BY THE COURT

_____
David Barlow
United States District Judge